IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEXTER HOLDER                                                                                        PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 5:05-cv-57-JCS

CHRISTOPHER EPPS, ET AL.                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court *sua sponte*. The Court has held an omnibus hearing[1] in this matter, at which time it conferred with the plaintiff and counsel for the Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any an all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. 636(c); Fed. R. Civ. P. 73. Holder is proceeding in this matter *in forma pauperis*. 28 U.S.C. § 1915. For the reasons discussed in this opinion, the Court finds that the Plaintiff's claims against all of the Defendants should be dismissed.

## I. PLAINTIFF'S CLAIMS

At the time of the incidents which form the basis of this lawsuit, the Plaintiff was a convicted inmate incarcerated at the Wilkinson County Correctional Facility ("WCCF"), a private correctional facility housing state inmates and located in Woodville, Mississippi. The Defendants are Christopher Epps, Commissioner of the Mississippi Department of Corrections ("MDOC"), and employees of WCCF, as follows: Sue Burkhalter, Patsy Guin, and Dr. Herrington. According to the Plaintiff, Burkhalter is the medical manager at WCCF, and Guin is

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

the medical administrator at WCCF.  Dr. Herrington is employed as a physician by WCCF.

Plaintiff filed this § 1983 action claiming that the Defendants violated his constitutional rights when they denied him adequate medical care.  Plaintiff alleges that the WCCF Defendants denied him adequate medical care from January 2004 to October 2004.  He alleges that he suffered from a thyroid condition which caused him to lose excessive amounts of weight.  At the Omnibus Hearing, he acknowledged that he had a problem with his thyroid before he entered the prison system in October 2003, and he took medication for it when he was "free world."  At his hearing, Holder stated that he saw Dr. Herrington monthly from January to October 2004.  He stated that Dr. Herrington disagreed with the diagnosis of a thyroid condition. Although he alleged that he lost excessive amounts of weight while at WCCF, he admitted that when he arrived a WCCF, he weighed approximately 155 pounds, and when he left in October 2004, he weighed approximately 150 pounds.  Despite Dr. Herrington's alleged disagreement with the diagnosis of a thyroid problem, Plaintiff testified that the doctor arranged for him to be treated at the University of Mississippi Medical Center in Jackson, Mississippi on August 16 or 17, 2004.  During that visit, the doctors at the Medical Center administered some type of radiation treatment.  After that visit, he continued to see Dr. Herrington once a month, until he was transferred to the Mississippi State Penitentiary at Parchman, Mississippi, in October 2004.  Plaintiff alleged that he has since received more treatments for his thyroid at the Medical Center, and his weight has returned to approximately 210 pounds, which was his weight at the time of the Omnibus Hearing.

## II.  DISCUSSION

### A. OFFICIAL CAPACITY CLAIMS

The Plaintiff has failed to allege, either in his complaint or at the omnibus hearing,, the existence of an official custom, practice, or policy implemented by the Wilkinson County Correctional Facility and Christopher Epps which allegedly caused a deprivation of his constitutional rights. Accordingly, the Plaintiffs' claims against these Defendants in their official capacities are dismissed. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

### B. INDIVIDUAL CAPACITY CLAIMS

Because the actions of the these employees cannot be imputed to Epps under the doctrine of *respondeat superior*, Plaintiff's claims against Epps in his individual capacity cannot stand. Jolly v. Klein, 923 F.Supp. 931, 943 (S.D. Tex. 1996). Further, "under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability." Id. Moreover, at the Omnibus Hearing, the Plaintiff acknowledged that he had sued Epps because he was the head of the MDOC.

An official's episodic act or omission violates a convicted inmate's Eighth Amendment right to medical care if the official acts with subjective deliberate indifference to the detainee's or inmate's rights. Nerren v. Livingston Police Dep't, 86 F.3d 469, 473 (5th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 648 (5th Cir. 1996)(en banc). The Fifth Circuit has defined "subjective deliberate indifference" as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir.1997).

Evaluating Holder's claims as they appear on the face of the complaint and amended complaint, and as supplemented by his testimony at the omnibus hearing, the Court finds that his

allegations fail to rise to the level of a constitutional violation. Although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). At the omnibus hearing he admitted that he was seen by Dr. Herrington every month, and that Dr. Herrington even arranged for him to be treated at the University of Mississppi Medical Center, thus, the officials were not deliberately indifferent to his serious medical needs. Although he may disagree with the treatment he has received, "an inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). Moreover, although his treatment may not have been the best that money can buy, this course of treatment did not demonstrate deliberate indifference to his medical needs. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992) Thus, because the Plaintiff's allegations have shown that the Defendants were not deliberately indifferent to his serious medical needs, this claim should be dismissed with prejudice.

As another basis for dismissal of this claim, the Court finds that the Plaintiff has failed to make specific allegations against the Defendants Burkhalter and Guin. Instead, he makes broad, non-specific claims of denial of medical care against them. In order to state a claim under § 1983, the Plaintiff must show that the Defendants were personally involved in the alleged denial of medical care or must show that their acts were "causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). Because Holder has failed to make specific allegations against the Defendants Burkhalter and Guin as to this claim, it should be dismissed with prejudice as to both Defendants.

## III. CONCLUSION

For the reasons discussed in this opinion, the Court finds that the Plaintiff's claims against all Defendants should be dismissed with prejudice.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the   5    day of June, 2006.

                                            s/James C. Sumner
                                            UNITED STATES MAGISTRATE JUDGE